Allan M. Soobert (*pro hac vice*)
allansoobert@paulhastings.com
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Elizabeth L. Brann (SB# 222873)
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Attorneys for Defendants
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IRONWORKS PATENTS LLC,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,

Defendants.

CASE NO. 4:17-cv-01958-HSG

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' NON-INFRINGEMENT COUNTERCLAIMS**

Date: August 31, 2017
Time: 2:00 p.m.
Courtroom: 2, 4th Floor
Judge: Hon. Haywood S. Gilliam, Jr.

# I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully oppose Ironworks Patents LLC's ("Ironworks") motion to dismiss. Ironworks' motion not only mischaracterizes Samsung's non-infringement counterclaims,[1] it serves no discernable purpose. Ironworks cannot credibly claim that it does not have notice of Samsung's non-infringement counterclaims. Ironworks' complaint frames the alleged infringement issues; Samsung's counterclaims are responsive to those allegations. Samsung's answers unequivocally deny the factual allegations supporting Ironworks' infringement claims. Those denials form the bases for Samsung's counterclaims, providing ample notice of Samsung's positions and thereby satisfying the pleading requirements.

Ironworks' motion also has no practical import because this case is well beyond the pleading stage and in the midst of discovery. Ironworks served an interrogatory requesting that Samsung provide the factual bases for its non-infringement positions. Samsung will respond to that interrogatory on August 7, 2017. Thus, before this motion is fully briefed and heard by the Court, Samsung will have provided the very same information that Ironworks seeks through this motion. There is simply no need for Samsung to reassert discovery responses in a pleading. As such, Ironworks' motion appears to be nothing more than an attempt to create work for both Samsung and the Court. The Court should accordingly deny Ironworks' motion.

# II. STATEMENT OF RELEVANT FACTS

## A. Prior Plaintiff MobileMedia Idea LLC's Complaint and Samsung's Non-Infringement Counterclaims

On May 26, 2017, prior Plaintiff MobileMedia Idea LLC ("MMI") filed a complaint against Samsung in the Middle District of Florida. The Complaint alleges that Samsung infringes three patents—U.S. Patent Nos. 6,427,078 (the "'078 Patent"), 5,915,239 (the "'239 Patent"), and 5,553,125 (the "'125 Patent). (D.I. 1 ¶¶ 18–26.) For each of these asserted patents, the Complaint

---

[1] Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. filed separate Answers to Ironworks' complaint. (D.I. 28, 37.) However, the Answers, including the disputed counterclaims, are identical for purposes of Ironworks' motion to dismiss and this opposition.

identifies the claims allegedly infringed by Samsung (*Id.* ¶¶ 30, 44, 55) and lists the Samsung products accused of infringing each patent-in-suit. (*Id.* at Appendices on pp.18–49.)

The Complaint also broadly alleges that the accused products include a number of features, each of which are described by language mirroring the claim language of the identified claims with a reference supposedly supporting these allegations. (*Id.* ¶¶ 31–35, 45–47, 56–59.) These statements make up the entirety of the Complaint's infringement allegations against Samsung. For example, the Complaint states in regards to the '078 Patent that:

> Upon information and belief, the cell phone and smart phone products listed in Appendix 1 further include multiple microprocessors, see, e.g., http://www.techinsights.com/teardown.com/samsung-galaxy-s4/ (Exhibit G), including a microprocessor adapted to control the operations of the camera unit in response to input signals from the user interface, and to process image information received by the camera unit

(*Id.* ¶ 33.)

The answers filed by Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. deny the entire factual basis of Ironworks' infringement allegations. (D.I. 28 ¶¶ 31–35, 45–47, 56–59; D.I. 37 ¶¶ 31–35, 45–47, 56–59.) Samsung's non-infringement counterclaims in both answers also explicitly reference Ironworks' infringement allegations (D.I. 28 ¶¶ 86, 91, 96; D.I. 37 ¶¶ 86, 91, 96), and reject them in asserting that "[Samsung] does not infringe and has not infringed any claims of the [asserted] Patent under any theory of infringement." (D.I. 28 ¶¶ 87, 92, 97; D.I. 37 ¶¶ 87, 92, 97.) For example, SEC's non-infringement counterclaim regarding the '078 Patent[2] states that:

> 85. SEC realleges and reincorporates herein by reference the allegations in paragraphs 81–84 above.
>
> 86. In its Complaint, Plaintiff states that SEC infringes the '078 Patent.
>
> 87. SEC does not infringe and has not infringed any claims of the '078 Patent under any theory of infringement.
>
> 88. Accordingly, there exists an actual and justiciable controversy between Plaintiff and SEC with respect to infringement of the '078 Patent.

---

[2] SEA's counterclaim regarding the '078 Patent is substantively identical to SEC's.

> 89. SEC hereby seeks entry of a declaratory judgment that it does not infringe any claim of the ’078 Patent.

(D.I. 28 ¶¶ 85–89; D.I. 37 ¶¶ 85–89.)

### B. Ironworks’ Interrogatory Requesting the Factual Bases for Samsung’s Non-Infringement Counterclaims

On March 28, 2017, this case was transferred from the Middle District of California to the Northern District of California. (D.I. 53.) On April 11, 2017, Ironworks moved to substitute as a plaintiff in place of MMI. (D.I. 55.) Just one day later, on April 12th, Ironworks served its First Set of Interrogatories (Nos. 1-11). (Brann Decl., Ex. A.)

Interrogatory No. 1 requests:

> For each limitation of the asserted claims of the Patents-in-Suit, state the complete factual basis for your contention that the Accused Products do not infringe that element, explaining in detail the factual and legal basis for each such contention and identifying by Bates number documents sufficient to support each such contention.

(Ex. A at 3.)

As set forth in the Parties’ Joint Case Management Statement and Rule 26(f) Report, Samsung agreed to “provide substantive responses [to Ironworks’ First Set of Interrogatories] within 30 days of when Ironworks is joined as a party to this case.” (D.I. 91 at 9.) On July 6, 2017, the Court granted Ironworks’ motion to substitute as plaintiff in place of MMI. (D.I. 92.) Accordingly, as the parties have already agreed, Samsung will have provided Ironworks with the factual bases for its non-infringement claims by August 7, 2017, before the present motion is fully briefed and well before the hearing for the present motion is set.

## III. STATEMENT OF ISSUES TO BE DECIDED

Ironworks asks the Court to dismiss Samsung’s non-infringement counterclaims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Samsung’s answers deny the factual bases for the infringement allegations in Ironworks’ complaint, providing Ironworks with notice of the accused products and patent claim limitations at issue. Samsung will have already provided an interrogatory response with the information Ironworks alleges is missing before this motion is heard. Should Ironworks’ motion be denied?

## IV. ARGUMENT

### A. Samsung's Counterclaims Satisfy the *Iqbal-Twombly* Pleading Standard

"[A] party seeking declaratory relief [of non-infringement] is not required to plead more detail in its [pleading] than the accuser would be required to plead [in its infringement claims]." *MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, No. 14-cv-003760VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016). Indeed, assuming that the party alleging infringement has based its claims on a good faith, objectively reasonable assessment, it should have notice of the issues raised by its own claims. *Id.* Accordingly, a claim for declaratory judgment of non-infringement may contain ***less detail*** than would be required for an infringement claim. *See Id.*

For example, in *MIS*, the defendant moved to dismiss plaintiff's non-infringement declaratory judgment claims, which detailed defendant's pre-suit allegation that plaintiff infringed its patents "by offering [a listed of specified] products and services . . . ." *Id.* The court denied the motion, holding that the plaintiff's non-infringement claims were adequately pled because the counterclaims' reference to defendant's pre-suit infringement allegations provided adequate notice of the "general category of products" encompassed by the non-infringement claims. *Id.* (citing *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C-11-6239 MMC, 2012 WL 5988461, at *2 (N.D. Cal. Nov. 29, 2012)).

Similarly, in *American Society of Anesthesiologists v. BevMD, LLC*, No. 15-cv-600-BAS (JLB), 2016 U.S. Dist. LEXIS 188184 (S.D. Cal. Mar. 31, 2016), the court denied a motion to dismiss a declaratory-judgment claim for patent non-infringement, which was supported only by "scant facts" identifying the product relevant to the infringement dispute. *Id.* at *13. In doing so, it distinguished the pleading requirements for infringement claims from claims for declaratory judgment of non-infringement, noting that pleading non-infringement claims "require[s] at the very least the identification of a specific product . . . ." *Id.* at *12 (citing *ASUSTeK Comput. Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 U.S. Dist. LEXIS 149330, at *13 (N.D. Cal. Dec. 29, 2011); *Aubin Indus., Inc. v. Caster Concepts, Inc.*, No. 2:14-cv-02082-MCE-CKD, 2015 U.S. Dist. LEXIS 82881, at *4 (E.D. Cal. June 25, 2015)).

Here, Ironworks has even more notice of the factual bases for the counterclaims asserted against it than either of the counterclaim defendants in *MIS* or *American Society of Anesthesiologists*. Ironworks cannot credibly claim that it somehow lacks notice of the products at issue or the limitations of the asserted claims allegedly practiced by those products. Ironworks' complaint frames those allegations, and Samsung's non-infringement counterclaims are responsive to them. Samsung's answers unambiguously deny the factual bases alleging that the accused products include limitations from the asserted claims, and each counterclaim specifically references those allegations. It is thus disingenuous for Ironworks to claim that it does not have proper notice of Samsung's non-infringement counterclaims. Ironworks' motion to dismiss should accordingly be denied.

**B. The Cases Cited by Ironworks Are Inapposite to the Current Facts**

None of the cases cited in Ironworks' motion support its position. As an initial matter, Ironworks cites a number of cases that have no discernable bearing on the situation at hand. *Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 WL 2861111 (N.D. Cal. Jul. 5, 2017) addresses copyright counterclaims regarding an authorship dispute, not a responsive counterclaim for a declaration of non-infringement of a patent. *Id.* at *6–7. *PageMelding, Inc. v. ESPN, Inc.*, No. C 11–06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012), was decided well before the December 2015 change in the applicable pleading standard. As such, this case does not apply to the current standard for pleading direct non-infringement counterclaims. And, to the extent that this case still applies to indirect non-infringement counterclaims, it only discusses inducement, which is not mentioned in Ironworks' complaint. *Id.* at *3.

In two of Ironworks' cited cases—*Tannerite Sports, LLC v. Jerent Enterprises, LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016) and *Electronic Communication Technologies, LLC v. Clever Athletics Co.*, 221 F. Supp. 3d 1366 (S.D. Fla. 2016)—the court found non-infringement counterclaims insufficiently pled. However, neither of these cases details the language of the deficient counterclaims, and Ironworks does not compare these cases with the language of Samsung's disputed counterclaims in this case.

Another case cited by Ironworks, *Comcast Cable Communications, LLC v. OpenTV, Inc.*, 319 F.R.D. 269 (N.D. Cal. 2017), addresses a motion to dismiss filed at a ***significantly earlier stage*** of

the case than when Ironworks' motion was filed here. *See id.* at 270–72. *Comcast* does not mention pending responses to written discovery. In contrast, the instant case is well beyond the pleading stage, and Ironworks has already served an interrogatory requesting the bases for Samsung's non-infringement counterclaims. Samsung will thus be providing these details in its discovery responses, obviating the need to amend its counterclaims by reasserting its discovery responses in a pleading.

Finally, in *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-CV-1810 JLS (NLS), 2012 WL 12918370 (S.D. Cal. Jun. 26, 2012), the counterclaims at issue contained less detail than Samsung's counterclaims. *Id.* at *5. The *Ameranth* defendants' non-infringement counterclaims stated:

> [Defendant] has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any claim of the [patents-in-suit]. [Defendant] is entitled to a declaratory judgment that [Defendant] has not infringed and is not infringing, directly or indirectly, any claim of the [patents-in-suit].

*Id.* at *5. The court noted that "[n]owhere in their Answers or Counterclaims do [d]efendants allege any facts that would suggest . . . why they have not infringed [the patents-in-suit]." *Id.* Here, in contrast, Samsung's clear denials of the factual bases alleged in Ironworks' complaint and direct reference to Ironworks' claims in each counterclaim provide more than adequate notice of Samsung's bases for its non-infringement counterclaims.

None of the above-discussed cases address the circumstances here, where the counterclaims are responsive to the plaintiff's own claims, the case has advanced well beyond the pleading stage, and the parties are in the midst of discovery, exchanging the very same information sought by the motion. The Court should therefore deny Ironworks' motion.

### C. Ironworks' Motion to Dismiss Has No Practical Purpose

Ironworks' motion serves no purpose, except for increasing the burden on the parties and the Court. Before filing this motion to dismiss, Ironworks served Samsung with an interrogatory requesting the same information regarding Samsung's non-infringement positions it alleges to be lacking from Samsung's counterclaims. As the Joint Case Management Statement indicates, Samsung agreed, and Ironworks acknowledged, that a response to this and other interrogatories would be due on August 7, 2017. (D.I. 91 at 8–9.)

Nonetheless, Ironworks filed this motion without specifically apprising Samsung of the alleged deficiencies in the counterclaims and ignoring the fact that it will imminently receive the information this motion seeks through discovery. Indeed, by the time this motion is fully briefed, Samsung will have already served responses to Ironworks' interrogatories, providing Ironworks with the same information it is requesting now and mooting any need for this motion. As a result, Ironworks' motion should be denied.

## V. CONCLUSION

Samsung's answers provide Ironworks with adequate notice of the factual bases underlying its non-infringement counterclaims and comply with applicable pleading requirements. Ironworks has not provided any case law showing otherwise. Even if the motion had merit (it does not), it would have no effect on this case other than to require that Samsung redundantly reassert its discovery responses as the bases for its non-infringement counterclaims—information that Ironworks will already have well before the motion is fully briefed or heard. Accordingly, Samsung respectfully requests that the Court deny Ironworks' motion. To the extent that the Court disagrees, Samsung respectfully requests leave to amend its counterclaims.

DATED: August 1, 2017

Respectfully submitted,

By: */s/ Elizabeth L. Brann*

Allan M. Soobert (*Pro Hac Vice*)
PAUL HASTINGS LLP
Washington, DC 20005
(202) 551-1700
(202) 551-1705 fax
allansoobert@paulhastings.com

Elizabeth L. Brann (SB# 222873)
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
(858) 458-3000
(858) 458-3005 fax
elizabethbrann@paulhastings.com

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*