UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONWORKS PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Case No. 17-cv-01958-HSG  (JSC)<br><br>**ORDER RE PLAINTIFF'S MOTION TO STIRKE DEFENDANTS' INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 107 |

Plaintiff Ironworks Patents LLC alleges Samsung Electronics Co., LTD, and Samsung Electronics America, Inc. (together, "Samsung") infringes three Ironworks patents. Now pending before the Court is Ironworks' motion to strike portions of Samsung's invalidity contentions. (Dkt. No. 107.) Having carefully reviewed the parties' briefing and having had the benefit of oral argument on October 12, 2017, the Court concludes Samsung's obviousness disclosures do not satisfy Patent Local Patent Rule 3-3(b) and therefore GRANTS Ironworks' motion to strike with leave to amend.

## BACKGROUND

This dispute concerns whether Samsung has satisfied the Patent Local Rule requirements for disclosing obviousness invalidity contentions. Samsung served its invalidity contentions on August 11, 2017. (Dkt. No. 107-1 at 28.) Under section two, "Patent L.R. 3.3(A) and Patent L.R. 3-3(B) – Identification of Prior Art," Samsung lists the "patents, publications, and systems" of prior art that it alleges anticipate or render obvious the asserted claims of Ironworks' three patents: '078, '239, and '125. (Dkt. No. 107-1 at 5-7.)[1] Samsung identifies 20 "patents, publications, and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

systems" for patent '078, 10 for patent '239, and 9 for patent '125. (*Id*.) For each patent, Samsung "attach[es] hereto prior art charts identifying specifically in each alleged item of prior art identified, [where] each limitation of each asserted claim is found." (*Id*.)

Samsung also lists 29 "Additional References" consisting of "patents, printed publications, product literature, and other materials pertinent to the invalidity of the asserted claims." (*Id*. at 7-8.) Samsung states it may "rely on these references as invalidating prior art, evidence of the knowledge of those skilled in the art, and/or evidence to support a motivation to combine or modify other prior art." (*Id*. at 7:16-18.) Samsung may "rely upon a subset of the references or all of the references listed in section two depending upon the Court's claim construction and further investigation." (*Id*. at 11:18-19.)

In section three, Samsung supplies "exemplary combinations that further demonstrate the obviousness of the asserted claims." (*Id*. at 11:24-25.) It provides a disclaimer that the combinations "are not intended to be exhaustive, as there are many possible combinations of these references, and it is not practical, particularly at this early stage before further factual investigation and claim construction proceedings to identify and list all the potentially relevant combinations." (*Id*. at 11:25-28.) Thereafter Samsung provides three charts, one for each patent, consisting of two columns. (*Id*. at 12-14.) The left column contains three to five primary references. (*Id*.) The right column lists five to seven secondary references to be combined with each primary reference in the left column. (*Id*.)

**LEGAL STANDARD**

The Northern District has adopted local rules that "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006). The patent local rules provide "for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in [their] absence and are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC (KAW), 2015 WL 5440674, at *1 (N.D. Cal. Sept. 15, 2015) (citation and internal quotation

marks omitted); *see also Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 15-CV-03853-EMC, 2016 WL 1461487, at *3 (N.D. Cal. Apr. 14, 2016) ("The main purpose of the discovery-related Patent Local Rules is to get the parties to commit to positions early on in the litigation and stick to them absent good cause.").

The patent local rules require "detailed disclosures of a party's invalidity contentions." *Life Techs. Corp. v. Biosearch Techs, Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1 (N.D. Cal. Sept. 17, 2012). Rule 3-3 states a party's invalidity contentions must contain:

a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious....

b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claim.

These rules are "not a straitjacket into which litigants are locked from the moment their contentions are served"; instead, there is "a modest degree of flexibility, at least near the outset." *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-4063 CW, 2007 WL 1288199, at *1–2 (N.D. Cal. Apr. 30, 2007) (citation and internal quotation marks omitted); *see also Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO, 2017 WL 76950, at *3 (N.D. Cal. Jan. 9, 2017) (explaining that the local rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case ... a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to

3

it") (citation and internal quotation marks omitted).

District courts have "wide discretion" in enforcing the patent local rules. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9460295, at *1 (N.D. Cal. Dec. 23, 2015) (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005)).

## DISCUSSION

Ironworks moves to strike Samsung's obviousness invalidity contentions arguing Samsung's vague disclosures do not provide an "explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness" as required by Patent Local Rule 3-3(b).

**A.     Obviousness**

Rule 3-3(b) requires a disclosure of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious," and if "obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." Vague statements are insufficient to show obviousness. *See Slot Speaker Technologies, Inc. v. Apple Inc.*, No. 13-cv-01161-HSG (DMR), 2017 WL 235049, at *6-7 (N.D. Cal. Jan .19, 2017) (the language in Apple's disclosure of obviousness that included the phrase "in combination with the other charted prior art references" and was too vague because it was not clear whether it referred to any, some, or all of the references); *Life Techs. Corp. v. Biosearch Techs. Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012) ("[v]aguely disclosing that one prior art can substitute for another is insufficient under our local rules.").

"Catch-all phrases" of obviousness are also insufficient. *See Mitsubishi Electric Corporation. v. Sceptre, Inc.*, No. 2:14-cv-049994-ODW (AJWx), 2015 WL 2369557, at *3 (N.D. Cal. May 18, 2015) (the "catch-all phrase 'any element of an asserted claim can easily be identified by cross-reference to the same particular claim element in other charted prior art reference to show that the element was known in the prior art' " was insufficient under Rule 3-3(b)). Nor are blanket statements permitted. *See Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10CV0541-GPC-WVG, 2014 WL 358430, at *5 (S.D. Cal. Jan. 31, 2014) (a blanket

4

United States District Court
Northern District of California

1 statement that "each item of the prior art renders the asserted claims obvious in combination with
2 each other, or any of them, and/or in combination with features well known to people with skill in
3 the art at the time of the respective applications" was insufficient under S.D. Cal. Patent Local
4 Rule 3-3(b), which is identical in relevant part to this District's Rule 3-3(b)).

Ironworks argues: (1) Samsung provides no explanation for the exemplary combinations that are provided; and (2) Samsung's additional 29 references with no disclosure of which references would be combined and no information about what they disclose is a violation of Patent Local Rule 3-3(b). The Court agrees.

It is impossible to determine from Samsung's disclosures what claims it contends are obvious and what combination of references renders the claim obvious. For example, for the '078 Patent it identifies the '646 patent (Hassan) as a primary reference and then identifies seven additional references that render some unidentified claim of the '078 patent obvious if one or more are combined with Hassan. But which references combined render the '078 patent obvious and for which claims? There is no way to tell. Thus, the disclosure is inadequate. Further, as courts in this district have held, "[v]aguely disclosing that one prior art can substitute for another is insufficient under our local rules." *See Mitsubishi*, 2015 WL 2369557, at *3 (*citing Life Techs.*, 2012 WL 4097740, at *3). Moreover, to the extent that Samsung's approach involves grouping of prior art, Samsung must explain which prior art references fall in a particular group, as well as the theory of obviousness for combinations from particular groups. *See Slot Speaker*, 2017 WL 235049, at *7. In short, Samsung must be more specific. *Id*.

Samsung's reliance on *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) and *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008), is misplaced. Neither suggests that just listing references and saying that the combination of one or more with a particular reference will render unspecified claims of a patent invalid as obvious satisfies Rule 3-3(b). Thus, Ironworks motion to strike Samsung's obviousness invalidity contentions is GRANTED.

Further, Samsung offers no justification for its list of 29 "Additional References." At oral

United States District Court
Northern District of California

1 argument Samsung explained that they are just "background," but the disclosure states that
2 Samsung "may rely on these references as invalidating prior art." (Dkt. No. 107-1 at 7.) Not so.
3 Accordingly, the "Additional References" are also stricken.

### B. Leave to Amend

Ironworks argues the Court should not grant Samsung leave to amend its contentions because Samsung already received a four-month extension to disclose once the case was transferred from the Middle District of Florida, and an additional attempt to amend would be "substantively prejudicial." However, Ironworks fails to explain how it will be prejudiced. Litigation is still in its early stages, the claim construction hearing is not until January 8, 2018, and expert discovery has not concluded. Accordingly, an amendment to Samsung's obviousness disclosures would not be prejudicial. *See Mitsubishi*, 2015 WL 2369557, at *3; *Slot Speaker*, 2017 WL 235049 at *9. Further, Ironworks is responsible for much of the delay in this case given its repeated unsuccessful efforts to challenge the transfer of this action to this Court.

### C. Meet and Confer

As stated at oral argument, no future discovery disputes may be brought to the attention of this Court until the parties have met and conferred in person. Once that has occurred, and if there are still material disputes, the moving party shall submit its portion of the discovery letter brief to the opposing party. The opposing party shall then have four business days to provide its response to the moving party. In light of that response, the moving party may modify its submission or add an additional submission and file the letter brief within two business days of receipt of the opposing party's submission.

### D. Protective Order Dispute

As also discussed at oral argument, the parties shall meeting and confer in person regarding their dispute as to the terms of the proposed protective order. If any disputes remain, they shall submit a supplemental joint letter brief that identifies and addresses the remaining disputes.

**CONCLUSION**

Ironworks' motion to strike is GRANTED.  Samsung shall amend its obviousness disclosures by October 26, 2017.

This Order disposes of Docket No. 107 and 125.

**IT IS SO ORDERED.**

Dated: October 12, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge