United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONWORKS PATENTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Case No. 17-cv-01958-HSG <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS NON-INFRINGEMENT COUNTERCLAIMS 1-3** <br><br> Re: Dkt. No. 101 |

Pending before the Court is Plaintiff Ironworks Patents LLC's motion to dismiss non-infringement counterclaims one, two, and three asserted by Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Defendants"). Dkt. No. 101 ("Mot."). Specifically, Defendants sought declaratory judgments of non-infringement with respect to U.S. Patent Nos. 6,427,078 (the "'078 Patent"), 5,915,239 (the "'239 Patent"), and 5,553,125 (the "'125 Patent") (collectively, "the Asserted Patents"). *See* Dkt. No. 28 ¶¶ 85–99.[1] Plaintiff filed the pending motion on July 18, 2017. *Id.* On August 1, 2017, Defendants responded. Dkt. No. 105.[2] Plaintiff replied on August 8, 2017. Dkt. No. 106. The Court took the motion under submission on August 25, 2017. Dkt. No. 111; *see* Civ. L.R. 7-1(b). After carefully considering the parties' arguments, the Court **DENIES** Plaintiff's motion.

---

[1] On November 16, 2017, the Court granted a motion to dismiss Plaintiff's claim based on the '125 Patent with prejudice. Dkt. No. 140. In voluntarily moving to dismiss that patent from this action, Plaintiff acknowledged that there is no longer a "case or controversy" pertaining to the '125 Patent, which expired in 2013. *See id.*; Dkt. No. 134. The Court accordingly **DENIES AS MOOT** Plaintiff's motion to dismiss Defendants' third counterclaim seeking a declaratory judgment of non-infringement of the '125 Patent. *See* Dkt. No. 28 at 14.

[2] Defendants assert, and Plaintiff does not dispute, that Defendants' separately-filed answers to Plaintiff's complaint are identical for purposes of assessing Plaintiff's motion. *See* Opp. at 1, n.1; Dkt. Nos. 28, 37.

"A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated under the same standard as [a] motion to dismiss a plaintiff's complaint." *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012). To survive a Rule 12(b)(6) motion to dismiss, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 696–97 (2009). On a motion to dismiss, the Court accepts as true the well-pleaded factual allegations and construes all factual inferences in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff argues that Defendants fail to set forth sufficient factual allegations to satisfy *Twombly* and *Iqbal*'s pleading standard. Mot. at 4–6. Defendants do not dispute that the *Twombly-Iqbal* pleading standard applies, but argue that they meet that standard. *See* Opp. at 4. In doing so, Defendants highlight that their answers to Plaintiff's complaint dispute the complaint's stated bases for infringement. *See* Opp. at 1, 4, 6; Dkt. Nos. 28, 37. Defendants argue that their counterclaims can accordingly assert less factual detail as compared to the complaint, because Plaintiff is already aware of the products and claims on which the infringement dispute turns. *See id.*

The Court agrees with Defendants. Numerous California district courts have found general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage. *See MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, No. 14-CV-00376-VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016) (finding non-infringement claims sufficiently pleaded where the accusing party "described in general terms the accused products," and the accused party broadly denied those allegations, because the accuser "should typically already be on notice of the patent infringement questions posed by the lawsuit"); *Am. Soc'y of Anesthesiologists v. BevMD, LLC*, No. 15-CV-600-BAS(JLB), 2016 WL 4257448, at *4 (S.D. Cal. Mar. 31, 2016) (finding adequate a "scantly" alleged claim that the accused product did "not infringe, has not infringed directly, indirectly, willfully, or otherwise" any claim of the asserted

1  patent); *accord ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011) (holding that a non-infringement claim must at least identify the disputed products to satisfy *Twombly* and *Iqbal*).

Here, Defendants denied all theories of infringement stated in Plaintiff's complaint. *See* Dkt. No. 28 at ¶¶ 85–94; Dkt. No. 1 ("Compl."). Plaintiff's infringement allegations, in turn, reference the accused products, their components, and the corresponding patent claims. *See* Compl. ¶¶ 16–17, 26, 30-37, 44–48. Though somewhat minimalist, Defendants' non-infringement counterclaims provided Plaintiff with enough detail to put them on notice of Defendants' non-infringement contentions. That is sufficient for Defendants' counterclaims to survive beyond the pleading stage.

That conclusion is reinforced by Defendants' subsequent discovery disclosures. Heightened discovery obligations make patent cases "unique with respect to pleading," in that "arguments for more specificity in a complaint are not always warranted." *See Am. Soc'y of Anesthesiologists*, 2016 WL 4257448, at *3–4 (observing that "[t]he sufficiency of such claims are generally upheld in order to respect districts' patent local rules, which procedurally require detailed disclosures soon after an action is filed").

Defendants complied with the local patent rules in exchanging their disclosures. Plaintiff acknowledges that Defendants disclosed the bases for their non-infringement contentions on August 7, 2017, before briefing on this motion completed. *See* Reply at 1; Opp. at 1, 6–7. Though Plaintiff asserts that Defendants' disclosure was insufficient, Reply at 1–3, Plaintiff selectively cites only portions of Defendants' interrogatory responses. *See* Dkt. No. 106-2 at 8–13. In contrast to Plaintiff's representation, Defendants disclosed in some detail the bases for their non-infringement claims. *See id.* And to the extent that any doubt remained regarding those bases, Defendants committed to producing the documents showing non-infringement pursuant to Patent Local Rule 3-4. *See id.*; Reply at 1. The deadline for that production was thus August 11, 2017—just three days after Plaintiff filed its reply. *See id.*; Dkt. No. 104 ("Scheduling Order"). Plaintiff therefore should have received all of the relevant information shortly after briefing on the motion completed.

3

Between Plaintiff's own infringement assertions, Defendants' answers, and Defendant's discovery disclosures, Plaintiff had adequate notice of the bases for Defendants' non-infringement claims. That is sufficient for Defendants' counterclaims to move beyond the pleading stage. Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 3/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge