UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONWORKS PATENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Case No. 17-cv-01958-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 72, 78 |

Pending before the Court are two unopposed administrative motions to seal information pertaining to: (1) Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Defendants") opposition to Plaintiff Ironworks Patents LLC's motion to substitute parties and counsel, Dkt. No. 72 ("Defs. Mot."); and (2) Plaintiff's reply in support of its motion to substitute parties and counsel, Dkt. No. 78 ("Pl. Mot."). The Court **GRANTS** the parties' administrative motions to seal.

**I.     LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations,

quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> [B]alance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts also "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *See Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks

2

omitted); *see also* Fed. R. Civ. P. 26(c).

**II. DISCUSSION**

Defendants move to seal portions of Defendants' opposition to Plaintiff's motion to substitute parties and counsel, as well as an exhibit to a declaration filed in support of Defendants' opposition. *See* Dkt. Nos. 72, 72-1. Plaintiff also moves to seal certain parts of its reply in support of its motion to substitute parties and counsel. *See* Dkt. No. 78 at 2. The parties' specific sealing requests are set forth in the below table:

| Document | Portions to Seal | Entity that Designated the Information as Confidential |
|---|---|---|
| Defendants' Opposition to Plaintiff's Motion to Substitute Parties and Counsel | Page 1: lines 2–4, 15–16, 26–28<br>Page 2: lines 1–14, 15–27<br>Page 3: lines 20–28<br>Page 4: lines 1–9, 12–15<br>Page 5: lines 3–4, 17–22<br>Page 6: lines 3–4 | Ironworks Patents LLC |
| Exhibit 1 to the Declaration of Elizabeth Brann in Support of Samsung's Opposition to Plaintiff's Motion to Substitute Parties and Counsel | Sealed in its entirety | Ironworks Patents LLC |
| Plaintiff's Reply in Support of its Motion to Substitute Parties and Counsel | Page 1: lines 23–24<br>Page 3: lines 3–4<br>Page 4: lines 21–26<br>Page 6: lines 6–7 | Ironworks Patents LLC |

The substantive basis is the same for the parties' sealing requests: the above-referenced portions of Defendants' opposition, its supporting exhibit, and Plaintiff's reply discuss Plaintiff's confidential "Patent Sale Agreement" with third party MobileMedia Ideas LLC. *See* Defs. Mot. at 1; Pl. Mot. at 1. Plaintiff explains that the Agreement itself includes a confidentiality provision, and also "contains confidential business information" belonging to Plaintiff. Pls. Mot. at 1; Dkt. No. 78-2 ("Banys Decl.") ¶¶ 3–5. Plaintiff states that it "would be competitively harmed" if the terms of the Patent Sale Agreement "were made publicly available to competitors. Dkt. No. 78-2 ("Banys Decl.") ¶ 5.

Irrespective of whether the "compelling reasons" or "good cause" standard applies, the

information identified by the parties as sealable satisfies that standard.  After reviewing the underlying documents, the Court agrees that the information sought to be sealed comprises confidential business information that Plaintiff included in its contract with third party MobileMedia Ideas LLC.  *See Finisar Corp.*, 2015 WL 3988132, at *5; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2.  In addition, the parties' requests are narrowly tailored to cover only that information identified as confidential.

The Court accordingly **GRANTS** the parties' administrative motions to seal as set forth in the above table.  Pursuant to Civil Local Rule 79-5(f)(1), those documents and portions of documents filed under seal as to which the administrative motions are granted will remain under seal and the public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 3/21/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge